UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-16-12
```

REGGIE BROWN, A/K/A KENNY TAYLOR,

           Petitioner,

-v-

WILLIAM BROWN, Superintendent, Eastern
New York Correctional Facility,

           Respondent.

No. 08 Civ. 10844 (RJS) (KNF)
MEMORANDUM & ORDER ADOPTING
REPORT & RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

    Reggie Brown, also known as Kenny Taylor ("Petitioner"), petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Petitioner challenges his conviction on the grounds that appellate counsel was ineffective for failing to challenge the trial court's denial of his motion to suppress (1) an undercover officer's identification of him at the scene of his arrest, and (2) evidence recovered from his person following a search incident to the arrest. Before the Court are both the Report and Recommendation (the "Report") of the Honorable Kevin Nathaniel Fox, Magistrate Judge, recommending that the Petition be denied, and Petitioner's objection to the Report. For the reasons set forth below, the Court adopts the Report in its entirety and denies the Petition.

## I. BACKGROUND

### A. Facts[1]

On November 25, 2003, a New York Police Department ("NYPD") field team conducted a "buy-and-bust operation" in the vicinity of East 170th Street and College Avenue in the Bronx, targeting sellers of illegal narcotics. (Suppression Hr'g Tr. at 13–15.) The field team stopped and detained Petitioner after an undercover officer reported successfully purchasing narcotics from someone matching Petitioner's description approximately five-to-ten minutes earlier at the same location. (*Id.* at 19–21, 23–26.) After a drive-by identification, the undercover officer confirmed that Petitioner was the seller. (*Id.* at 27–28.) A police officer then arrested and searched Petitioner, whereupon the officer recovered twenty dollars of "pre-recorded buy money" from Petitioner's person. (*Id.* at 29–30.)

The New York State Supreme Court, Bronx County (the "trial court"), held a pre-trial suppression hearing on April 11, 12, 22 and May 2, 2005 to determine: (1) whether physical evidence recovered from Petitioner was obtained illegally and therefore inadmissible, and (2) whether probable cause existed to detain Petitioner pending the drive-by identification. In a written decision dated May 13, 2005, the trial court denied Petitioner's motion, finding that the state had met its burden of establishing the lawfulness of the police action. (Ex. 1.)

Trial commenced thereafter, and Petitioner was convicted on May 25, 2005 of third-degree criminal sale of a controlled substance. Petitioner was sentenced as a second-felony offender to an

---

[1] The facts are drawn from the testimony received at the suppression hearing held on April 11, 12, 22, and May 2, 2005 before the New York State Supreme Court, Bronx County ("Suppression Hr'g Tr."), and the exhibits attached to Respondent's answer ("Ex."). In reviewing the Petition, the Court must view any disputed facts in the light most favorable to the prosecution and draw all inferences in its favor. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In reviewing the Report and Petition, the Court has also considered Respondent's Opposition to the Petition ("Resp't Opp'n"), Petitioner's Reply ( "Pet'r Reply"), and Petitioner's Objections to the Report ("Pet'r Obj.").

indeterminate term of four-and-a-half to nine years imprisonment. Petitioner is currently incarcerated at the Eastern New York Correctional Facility in Napanoch, New York.

On June 30, 2006, Petitioner appealed his conviction to the Appellate Division, First Department, alleging ineffective assistance of trial counsel stemming from counsel's failure to: (1) request reopening of his suppression hearing, and (2) follow through on Petitioner's initial jury-polling application. On December 28, 2006, the Appellate Division unanimously affirmed Petitioner's judgment of conviction, finding that Petitioner had received effective assistance of counsel. *People v. Brown*, 827 N.Y.S.2d 45 (App. Div. 1st Dep't 2006). The Court of Appeals denied leave to appeal the decision on May 11, 2007. *See People v. Brown*, 8 N.Y.3d 982 (2007).

On September 25, 2007, Petitioner moved to vacate his conviction pursuant to a writ of error *coram nobis*, alleging that appellate counsel was ineffective for failing to challenge the denial of his motion to suppress the identifications and evidence recovered from his person incident to the arrest. (Ex. 5 ("Coram Nobis Motion").) The Appellate Division summarily denied Petitioner's motion in a written decision dated March 13, 2008. (Ex. 7.) On June 24, 2008, the New York Court of Appeals denied Petitioner leave to appeal to that decision. *See People v. Brown*, 10 N.Y.3d 932 (2008).

B. Procedural History

On November 11, 2008, Petitioner filed this federal habeas corpus petition pursuant to 28 U.S.C. § 2254, asserting the same ineffective assistance of appellate counsel arguments as in his writ of error *coram nobis*. (Doc. No. 1.) The Petition was referred to Judge Fox, who issued his Report on October 19, 2009, recommending that the Petition be denied. Specifically, Judge Fox found that Petitioner did not receive ineffective assistance of appellate counsel when counsel failed to challenge, on appeal, the trial court's denial of the motion to suppress. (Report at 7–8.) Relying

on Supreme Court precedent in *Terry v. Ohio*, 392 U.S. 1, 30–31 (1968), and its progeny, Judge Fox also found that the police did not violate the Fourth Amendment when it detained Petitioner pursuant to a buy-and-bust operation. (*Id.* at 6–7.)

Petitioner timely filed an objection to Judge Fox's Report on January 13, 2010. In his objection, Petitioner asserts that Judge Fox improperly relied on *Terry*, 392 U.S. at 30–31, and its progeny, in evaluating counsel's alleged failure to challenge the denial of Petitioner's motion to suppress. Petitioner insists that, instead, Judge Fox should have relied upon what Petitioner believes to be the more pertinent authority contained in *People v. Gethers*, 86 N.Y.2d 159, 163–64 (1995). (*See* Pet'r Obj. ¶¶ 1–3.)

## II. DISCUSSION

### A. Legal Standards

#### 1. Standard of Review

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate judge's findings, the court must undertake a *de novo* review of the petitioner's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where the objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *accord Cartagena v. Connelly*, No.

4

06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008). Because Petitioner's objection is specific, the Court considers it *de novo*.

### 2. Ineffective Assistance of Counsel

Ineffective assistance of counsel requires a showing that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The law is clear that appellate counsel's performance does not fall below an objective standard of reasonableness when he fails to argue a meritless claim on appeal. *See Arparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001). Moreover, where a petitioner claims that counsel failed to argue a Fourth Amendment issue, to prove actual prejudice from ineffective assistance of counsel, a petitioner "'must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence . . . .'" *Owens v. Taylor*, No. 04 Civ. 4909 (PKC), 2005 WL 1705071, at *6 (S.D.N.Y. July 19, 2005) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

### B. Petitioner's Objections Regarding *Terry* and *Gethers*

In determining whether counsel failed to argue a meritorious appeal, the Court must first consider whether Judge Fox applied the correct Fourth Amendment standard to Petitioner's case. It is beyond dispute that courts evaluate whether a stop violates a person's Fourth Amendment right under the standard announced in *Terry*. Specifically, *Terry* stands for the firmly established rule that, subject to certain exceptions not applicable here, police officers must have reasonable suspicion to stop and search an individual. *See Terry*, 392 U.S. at 30-31. Therefore, Judge Fox

used the correct standard to determine whether or not Petitioner's detention was illegal, and Petitioner's objection is without merit.

Indeed, Petitioner appears to misapprehend the holding in *Gethers*. In that case, the New York State Court of Appeals held that confirmatory identifications by an undercover officer in a "buy-and-bust" sting must be suppressed when the original search and seizure was illegal. *Gethers*, 86 N.Y.2d at 161–62. Petitioner argues that *Gethers* stands for the proposition that in-court identifications must be suppressed when police officers, testifying at an earlier suppression hearing, cannot recall the description relayed to them by an undercover officer. (*See* Pet'r Obj. ¶ 2.) However, in *Gethers*, unlike here, the trial court had found that defendant's detention had been illegal in the first place. *Gethers*, 86 N.Y.2d at 161–62. The only issue was whether the identification should have been suppressed. *Id.* Thus, *Gethers* would apply only if a reviewing court initially found that Petitioner's detention was illegal.

Having determined that Judge Fox used the correct standard, the Court likewise finds that Judge Fox correctly determined that Petitioner's constitutional rights were not violated when he was stopped and detained. (*See* Report at 7.) Specifically, Petitioner makes much of the fact that the arresting officers testified that the undercover officer described Petitioner as wearing a "gray-hooded sweatshirt." *See Brown*, 827 N.Y.S.2d at 46. This discrepancy, however, is inconsequential given the other details transmitted to the arresting officers, who were told that the suspect was a tall black male wearing a Yankees jacket and blue jeans. (*See* Suppression Hr'g Tr. at 89–90). Petitioner, fitting the description, was seen in the vicinity three to five minutes later. (*See id.* at 24, 26–28). Based on that description, the police had probable cause, or at least reasonable suspicion, to detain Petitioner, and, after the undercover identified Petitioner as the drug dealer, they had probable cause to search him.

Because the Court finds that Judge Fox did not err in determining that Petitioner's Fourth Amendment rights were not violated, Petitioner cannot demonstrate ineffective assistance of appellate counsel. First, the claim would have been meritless, and, as noted above, the performance of appellate counsel is not deficient when counsel fails to raise only meritless claims. Second, because Petitioner's Fourth Amendment rights were not violated, he cannot prove actual prejudice. Therefore, Petitioner's claim fails under both prongs of *Strickland*. Accordingly, the Court adopts the Report in its entirety and denies the Petition.

### III. CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety, and the Petition is DENIED. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: July 16, 2012
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Copies of this Memorandum & Order have been mailed to:

Reggie Brown
DIN 05-A-3075
Eastern New York Correctional Facility
P.O. Box 338
Napanoch, NY 12458

Andrew Stephen Holland
Bronx County District Attorney's Office
198 East 161 Street
Bronx, NY 10451